# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN H. LEFKOW | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1234 | **DATE** | February 29, 2012 |
| **CASE TITLE** | Albert Millsapp (#2009-0030615) vs. Superintendent Moreci, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a federal claim. The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court as stated herein. The clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Nevertheless, the clerk is directed to mail a copy of this order to the jail's Executive Director. The court requests that the Director investigate the plaintiff's concerns, and take any action he may deem warranted.

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

    The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff seems to claim that the defendants, jail officials, have violated the plaintiff's constitutional rights by denying him access to the courts. More specifically, the plaintiff alleges that correctional officials have ignored state court orders dictating that he be given unrestricted use of an outside telephone line in order to prepare his criminal defense.

    The court finds that the plaintiff is unable to prepay the filing fee. The court accordingly grants the plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $1.33 pursuant to 28 U.S.C. §1915(b)(1). The trust officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where the plaintiff is confined is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility.

However, under 28 U.S.C. § 1915A, the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state an actionable federal claim as a matter of law.

The plaintiff has no constitutionally protected right to a telephone in order to marshal his defense. "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977). An inmate's right of access to the courts is generally satisfied if he is represented by counsel. *See, e.g., Walters v. Edgar*, 163 F.3d 430, 436 (7th Cir. 1999); *Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988). A criminal defendant who is represented by counsel does not have the right to file his own, *pro se* submissions. *United States v. Williams*, 495 F.3d 810, 813 (7th Cir. 2007); *United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998). As all persons accused of a felony have the right to either retained or court-appointed counsel, the availability of an attorney satisfies the plaintiff's right of access to the courts.

Although the plaintiff has chosen to represent himself in the criminal proceedings, that decision carries with it no alternative right to law library access or other tools of preparation. "A state is not required under the law to offer a defendant law library access once it has fulfilled its constitutional obligation to provide him with competent legal assistance." *U.S. ex rel. George v. Lane*, 718 F.2d 226, 233 (7th Cir. 1983). "[W]hen a person is offered appointed counsel but chooses instead to represent himself, he does not have a right to access to a law library." *U.S. v. Byrd*, 208 F.3d 592, 593 (7th Cir. 2000), citing *United States v. Chapman*, 954 F.2d 1352 (7th Cir. 1992). "The rule is that he has the right to legal help through appointed counsel, and when he declines the help, other alternative rights, like access to a law library do not spring up." *Jackson v. Kane County*, No. 09 C 4154, 2010 WL 333695, *5 (N.D. Ill. Jan. 26, 2010) (Holderman, J.), quoting *Byrd*, 208 F.3d at 593. The plaintiff, in short, has no viable federal claim. If the plaintiff wishes to seek enforcement of the state court order, he should file an appropriate motion in his criminal case.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted in federal court. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**(CONTINUED)**

**STATEMENT (continued)**

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

Nevertheless, the court is sufficiently concerned about the plaintiff's alleged denial of court-ordered telephone access to refer this matter to the attention of the Executive Director of the Cook County Jail. The court requests that the Director investigate the plaintiff's concerns and ensure that the staff is complying with the state court's orders. The Director need not respond to this order; the court is confident that the Director will take any corrective action necessary to ensure that the plaintiff is afforded meaningful use of the telephone, to the extent such use does not interfere with the orderly administration of the jail.